## Page *vs* Long.

CHANCERY.

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Case* 26.

*Attachment.     Parties.     Proceedings in rem.*

JUDGE BRECK delivered the opinion of the Court.

*Sept.* 7.

THE statute of 1839, (3 *Stat. Law*, 112,) gave Long a lien upon the steam boat General Gaines, for the amount due him for services rendered upon the boat as Pilot, and to enforce this lien the statute declares that the proceeding shall be *in rem*.

The case stated.

Upon the bill or petition of Long, an attachment was issued, the boat seized and replevied by the master and part owner, with Page as security. Upon the failure to produce the boat, pursuant to the order of the Chancellor, a rule was made and served upon Page to pay, by a given day, the amount due Long. Page having failed to comply with this order, an attachment was awarded against him, and he has brought the case before this Court for revision.

The questions for consideration are, 1st. Whether it was necessary that the owners of the boat should have been made parties and brought before the Court?

Questions in the case.

2d. Whether the proceeding against Page, by attachment, was correct, without including or taking any steps against the principal in the forthcoming bond, who was the master and part owner of the boat?

As to the first question, it is obvious that it was not only the intention of the Legislature, in the act referred to, to create the lien, but to authorize it to be enforced in a more summary mode than that which is required in ordinary chancery proceedings. It provides that "every steam boat coming within this Commonwealth, indebted on account of work done, &c. shall be liable for the same,

To enforce the lien given by the statute of 1839, (3 *Statute Law*, 112,) to pilots, &c. for wages due for services on steam boats, it is not necessary to make the owners of the

PAGE
vs
LONG.

steam boats par-
ties—the service
of the attach-
ment on the boat
is sufficient.

and the proceedings on all the liabilities aforesaid shall be *in rem.*" The terms thus used, as to the mode of proceeding, have a technical meaning, and authorize, as we think, a direct action upon the indebted boat, irrespective of parties. It was not, therefore, necessary that Long, in this case, should have made the owners of the boat defendants, as the presumption is, the boat is in possession or under the control of the owner, or of some person as the agent of the owner or owners; its seizure, under the order of the Chancellor, would be equivalent to notice of the claim set up, and the owners would have an opportunity of resisting it, if disposed. But process was issued, in this case, against *the owners of the steam boat General Gaines,* and was returned executed upon Boggs, the master, and who, it appears, was also part owner. In the view then which we entertain of the statute, and of the proceedings had, we are of opinion the decree ought not to be disturbed for want of parties.

The Chancellor
may proceed by
rule and attach-
ment, against
principal & sure-
ties, in bonds
given for the
forthcoming of
property attach-
ed, but not a-
gainst surety
alone, where
principal is with-
in reach of the
process of the
Court.

As to the second question, we entertain no doubt as to the power of the Chancellor, after a failure to produce the boat, pursuant to his order, to proceed, by attachment, against the obligors in the forthcoming bond. But we think the correct rule of chancery practice would be to make the rule for the payment of the complainant's demand, upon the principal as well as the security in the bond. It is true the bond is joint and several, and each is responsible for the payment of the amount upon the failure to produce the boat: but if both are within the jurisdiction of the Court, it seems to us it would be more equitable and just to make the rule upon both, and, if necessary, to attach both. There is nothing in the record in this case from which it may be inferred that Boggs, the master and part owner of the boat, and principal in the forthcoming bond, was not within the jurisdiction of the Court, and we are of opinion he should have been included with Page in the rule and attachment.

It is, therefore, the opinion of the Court, that the order of the 18th October, 1842, requiring Page to pay the sum decreed, or show cause, &c. and also the subsequent order, directing an attachment against him, be reversed and the cause remanded, that a rule for the payment of

the amount decreed may be made upon Boggs and Page, to be served upon such of them as can be found, and upon a failure to comply with such order, that payment be enforced by attachment.

*Guthrie* for plaintiff: *Clark* for defendant.